62 F.3d 1415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Eugene TURNER, Defendant-Appellant.
 No. 94-5832.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1995.
Decided Aug. 9, 1995.
 
 ARGUED: Bernard Seton Grimm, Washington, DC, for Appellant. Thomas Anthony Colthurst, Special Assistant United States Attorney, Alexandria, VA, for Appellee. ON BRIEF: James C. Clark, LAND, CLARK, CARROLL & MENDLESON, P.C., Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, Marcus J. Davis, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WILKINS and WILLIAMS, Circuit Judges, and JOSEPH F. ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Eric Eugene Turner was convicted of conspiring to distribute crack cocaine, see 21 U.S.C.A. Sec. 846 (West Supp.1995), aiding and abetting false statements to a licensed firearms dealer, see 18 U.S.C.A. Sec. 2(a) (West 1969); 18 U.S.C.A. Sec. 924(a)(1) (West Supp.1995), and using firearms in relation to a drug trafficking offense, see 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1995). On appeal, he maintains that the district court abused its discretion in allowing testimony concerning other criminal acts he allegedly committed. And, he claims the district court erred in holding him accountable at sentencing for 62 grams of crack cocaine that he had negotiated to sell but had not delivered. There being no merit to either of these contentions, we affirm.
 
 I.
 
 2
 Viewing the evidence in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80 (1942), the proof at trial demonstrated that Turner was a crack cocaine dealer who used his stepbrother, Franklin--and on one occasion another individual, Scott--to purchase firearms from a federally licensed firearms dealer. Turner and his full brother Jeffrey would give Franklin crack cocaine in exchange for the firearms. After Franklin was contacted by law enforcement officers concerning the firearms purchases he had made, he disclosed the scheme and began cooperating. He then made a controlled purchase of 5.6 grams of crack cocaine from Turner, negotiated for the purchase of 62 grams of crack cocaine, and recorded a series of telephone conversations he had with Turner. The evidence presented by the Government was overwhelming, leaving no doubt as to Turner's guilt.
 
 II.
 
 3
 Turner claims that the district court committed reversible error by admitting testimony about his unindicted illegal conduct. See Fed. R. Evid 404(b). Over Turner's objection, the district court allowed testimony by Franklin and Scott that, prior to the time period charged in the conspiracy count of the indictment, they had requested that Turner provide crack cocaine to them for distribution; evidence of the controlled purchase of crack cocaine by Franklin from Turner; and evidence of negotiations that occurred after the time period charged in the conspiracy count of the indictment between Franklin and Turner for the future sale of 62 grams of crack cocaine.
 
 
 4
 We need not dwell on this issue for "evidence of uncharged conduct is not considered 'other crimes' evidence if it 'arose out of the same ... series of transactions as the charged offense, ... or if it is necessary to complete the story of the crime (on) trial.' " United States v. Kennedy, 32 F.3d 876, 885 (4th Cir.1994) (alteration in original) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989)), cert. denied, 115 S.Ct. 939 (1995). As in Kennedy, the evidence Turner asserts was admitted improperly was not "other crimes" evidence because it served to complete the story of the crime charged or arose from the same course of conduct. Thus, the district court did not abuse its discretion in admitting it. See id. at 886.
 
 
 5
 Turner also claims that the district court abused its discretion in allowing testimony by Franklin that at the time he purchased firearms for Turner, Turner made his living by illegally selling narcotics. We need not consider whether this testimony was improper because even if it was erroneously admitted, the error was harmless because in view of the overwhelming evidence of Turner's guilt, the jury's verdict could not have been substantially swayed by it. See United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir.1980).
 
 III.
 
 6
 In addition to the quantities of crack cocaine actually distributed by Turner, the district court held him accountable at sentencing for another 62 grams of crack cocaine. This amount represented the amount that was the subject of the unconsummated sale that Turner negotiated with Franklin. Turner submits that this was error.
 
 
 7
 A "sentencing court may consider quantities of[a controlled substance] not specified in the indictment, when they result from the same course of conduct or a common scheme or a plan, as the offense of conviction." United States v. McNatt, 931 F.2d 251, 258 (4th Cir.1991), cert. denied, 502 U.S. 1035 (1992). And, "[i]n an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1, comment. (n.12) (Nov.1993). Even though not specified in the indictment, the district court properly considered the quantity of crack cocaine from the unconsummated sale when it calculated the amount for which Turner should be held accountable.
 
 AFFIRMED