09-0157-cr
USA v. Melicharek (Nicosia)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     No. 09-0157-cr

JOHN MELICHAREK, also known as Rocky, MICHAEL IUNI, DOMINICK MEMOLI, also known as Shakes, LOUIS PIPOLO, DARDIAN CELAJ, ENED GJELAJ, GJELOSH KRASNIQI, also known as Jimmy,

> *Defendants*,

ANGELO NICOSIA,

> *Defendant-Appellant*.

_____

For Defendant-Appellant Angelo
Nicosia:

GILBERTO M. GARCIA, Garcia & Kricko,
Hackensack, NJ

For Appellee:

LISA R. ZORNBERG, Assistant United States Attorney
(Katherine Polk Failla, Assistant United States
Attorney, *of counsel*), *for* Preet Bharara, United
States Attorney, Southern District of New York, New
York, NY

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered December 29, 2008, is **AFFIRMED**.

Defendant-Appellant Angelo Nicosia appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), entered December 29, 2008, convicting him, following a jury trial, of extortion and conspiracy to commit extortion under the Hobbs Act, 18 U.S.C. § 1951, and sentencing him principally to 46 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Nicosia, who was charged with extortion and conspiracy to commit extortion on the basis of events that took place principally in 2004, here challenges the admission, at trial, of evidence pertaining to an assault that took place in 1997. Before trial, the district court ruled that the evidence was admissible, primarily on the ground that the facts of the 1997 assault were part of, or indispensable background to, the 2004 extortion. Nicosia made no objection to the admission of any evidence pertaining to the 1997 assault when it was introduced at trial. Following the

2

trial, for the purposes of sentencing, the district court held a *Fatico* hearing on the issue of whether Nicosia had been involved in the earlier assault, and it ultimately found that the government failed to prove his involvement by a preponderance of the evidence.

On appeal, Nicosia now argues that the district court erred in allowing the government to present evidence relating to the 1997 assault. Nicosia does not challenge the district court's pretrial ruling on this issue but rather argues that error was committed at trial when the evidence was introduced. Because he made no objection when any of the evidence in question was presented, we review for plain error pursuant to Fed. R. Crim. P. 52(b). *Puckett v. United States*, __ U.S. __, 129 S. Ct. 1423, 1428-29 (2009).

> [P]lain-error review . . . involves four steps, or prongs. First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* at 1429 (quotation marks, alterations, and citations omitted).

Nicosia's principal argument is that error was committed because evidence pertaining to the 1997 assault was introduced not for the limited purpose allowed by the district court — as part of the story of the 2004 extortion — but rather in an attempt to show that Nicosia had committed extortion in the past, a purpose that is impermissible under Fed. R. Evid. 404(b). Although Nicosia claims that the district court gave directions to the government in this regard and that the government failed to follow them, he has not identified, in the record, the specific instructions that were purportedly violated or the specific instances in which the government

3

stepped beyond the bounds of the district court's rulings.[1]  Our own review of the trial transcript

does not reveal any instances of plain error; on the contrary, the evidence regarding the 1997

assault was properly admitted "to complete the story of the crime on trial," *United States v.*

*Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (quotation marks and alteration omitted), as the district

court contemplated.

To the extent that the nub of Nicosia's objection is that the testimony of Stephen Galise,

the victim of the 2004 extortion, indicated that Nicosia was involved in the 1997 assault when in

fact he was not, we note that because extortion under the Hobbs Act is defined as "the obtaining

of property from another, with his consent, induced by wrongful use of actual or threatened force,

violence, or *fear*," 18 U.S.C. § 1951(b)(2) (emphasis added), Galise's state of mind was an

aspect of the charged crime.  Even if Galise's testimony indicating that Nicosia was involved in

the 1997 assault was based on a mistake or misunderstanding, it was relevant to showing why, in

2004, he feared violence at the hands of Nicosia and his associates.  *See United States v. Curcio*,

759 F.2d 237, 241 (2d Cir. 1985) ("[E]vidence of an extortion victim's state of mind is relevant

in Hobbs Act cases . . . .").  If defense counsel was concerned that the jury might have been

misled into thinking that the arguably inaccurate reference to Nicosia's participation in the 1997

assault constituted substantive evidence against him, a limiting instruction noting the purpose for

---

[1] Nicosia points to the district court's statements, in the context of ruling *in limine* that evidence relating to an entirely separate event was inadmissible under Rule 404(b), that "the government has the highest level of responsibility" and that "the [g]overnment, of course, is held to the higher standards of presenting evidence."  App'x of Def.-Appellant 44.  But these statements were not only made when ruling on different evidence than the evidence at issue here, they are also general in nature and do not constitute an instruction that might later have been violated.  The only specific directive given by the district court about the presentation of evidence pertaining to the 1997 assault was a limitation on Galise's testimony about his conversations with Ventor after the assault, an instruction that the government followed closely.

which the evidence was introduced could have been — but was not — sought.

Nicosia's reliance on *United States v. Gilan*, 967 F.2d 776 (2d Cir. 1992), is misplaced. In *Gilan*, we held that evidence of prior crimes cannot be admitted for one of the permissible purposes enumerated in Rule 404(b) when there is no evidence linking the defendant to those crimes. *Id.* at 780-81. But "evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it . . . is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Towne*, 870 F.2d at 886 (quotation marks and alterations omitted). The district court, as noted, ruled that evidence relating to the 1997 assault was an inextricable part of the story of the 2004 extortion. Rule 404(b) and the requirements for admitting evidence of prior criminal activity thereunder are therefore inapplicable.

Because we do not discern plain error in the proceedings below, we need not address whether Nicosia's substantive rights were affected or whether it would be an appropriate exercise of discretion for this Court to intervene in this case.

We have considered Nicosia's other arguments and find them without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

5