21-1389
*United States v. Chambers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand and twenty-two.

PRESENT:    Pierre N. Leval,
            Barrington D. Parker,
            Steven J. Menashi,
                *Circuit Judges.*

—————————————————————————————

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                                                No. 21-1389

ERIC CHAMBERS,

      *Defendant-Appellant.**

—————————————————————————————

————————————————

* The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:    JOCELYN COURTNEY KAOUTZANIS, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Leonard C. Boyle, United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendant-Appellant*:    DAVID A. RING, Wiggin and Dana LLP, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Eric Chambers appeals the denial of his motions for a new trial and judgment notwithstanding the verdict after he was convicted of four separate counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 2, 1951(a). The indictment included six counts, each alleging a different robbery. The jury found Chambers guilty of four of the charged robberies and not guilty of the other two. Chambers challenges his convictions on two grounds. First, he argues that the district court erred when it did not instruct the jury that it could not infer a pattern from the similarities in the evidence across the different counts

in his indictment. Second, he argues that the district court erred when it dismissed a juror who was revealed to have had a professional relationship with the government without asking the rest of the jury whether that juror had made any potentially prejudicial statements.

These arguments are not persuasive. First, the district court did not abuse its discretion by instructing the jury that it could not infer a criminal propensity from similarities across the counts, even if the jury could consider evidence across the counts for other purposes. Second, the district court did not abuse its broad discretion over management of the jury by conducting a limited inquiry into whether a dismissed juror had made potentially prejudicial statements to the jury.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

The government alleged in its second superseding indictment that Chambers and his younger brother Jachim Brown were involved in a string of robberies throughout the Bridgeport, Connecticut, area. On each occasion, Brown would enter a bar or club, brandish a firearm, and demand at gunpoint that

employees surrender money hidden in a safe. Chambers would assist the robberies by helping select the location, driving to the target, and aiding Brown in escaping after obtaining the money. The targeted locations included places at which Chambers had previously worked or with which he was familiar because of his work at affiliated clubs and restaurants. On two occasions, Brown discharged his firearm, wounding at least one victim.

Over the course of two weeks, the jury received evidence of Chambers's participation in each of the robberies, including witness testimony, surveillance videos, and cell-site location data. The evidence showed that throughout 2017, Chambers drove Brown to commit robberies at (1) Nikita's Bar on September 27, (2) Avenue Café on November 9, (3) BAR Restaurant on November 14, and (4) EbLens on November 16. The jury heard testimony that at each robbery, surveillance video captured Chambers's "champagne-colored Nissan Maxima with a unique elongated sunroof" driving Brown to and from the targeted locations. *United States v. Chambers*, No. 3:18-CR-00079, 2020 WL 734217, at *2 n.5 (D. Conn. Feb. 13, 2020).

The jury also received evidence of Chambers's role in planning each of the robberies. For example, witness and surveillance evidence established that Brown entered BAR Restaurant on November 14, armed and holding a cellphone to his ear. *Id*. at *4. Witnesses testified that Brown held the phone to his ear as he walked past the cash register, instead picking up a basket under the cash register that would normally hold the payroll for employees. *Id*. The jury heard evidence that phone records seized by investigators later confirmed that Brown had been on the phone with Chambers during the robbery. *Id*. The jury saw evidence that Chambers had visited the bar the Saturday before the robbery and appeared to be scoping it out for the later robbery. *Id*. at *3.

Chambers was eventually convicted of four counts of aiding and abetting Hobbs Act robbery and acquitted of two. While deliberating, however, the jury asked the following question of the district court:

> Do we look at each offense as separate events or, through common sense, can we use info from one—from other offenses and apply to each offense? As an example, if his car appears at more than one event, can we use that info during our deliberations? We ask because there is a repetitive pattern, yet we want to judge each count separately. Thank you.

J. App'x 1591–92.

In response to the jury note, Chambers requested that the jury be instructed that it must consider each count separately and that it should not use "pattern evidence." The judge denied Chambers's request and instead gave the jury the following supplemental instruction:

> We have received your note. I'm going to answer by giving you some instruction you've already received and some supplemental instruction that I hope will answer your question.
>
> Mr. Chambers has been charged with six offenses. The number of charges is not evidence of guilt and should not influence your decision in any way. You must consider each count separately and return a separate verdict of not guilty or guilty for each count.
>
> Whether you find Mr. Chambers not guilty or guilty of one count should not dictate your verdict regarding any other count; however, there may be evidence that you find, within the parameters of my instruction, that goes to one or more of the robberies. Such evidence may be considered by you with respect to these robberies; however, you must not find Mr. Chambers guilty of one count simply because you may have found him guilty of another count.
>
> With respect to your inquiry regarding a perceived pattern, you must not base your verdict on any perception that you may have that Mr. Chambers is of bad character or has a propensity to commit crimes.

*Id.* at 1608–09.

Chambers argues that the district court erred in issuing this instruction rather than the one he requested and that the error requires vacating his convictions. We disagree. We vacate the judgment of a district court only if,

6

"considering the instruction as a whole, the cited errors were not harmless." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 235 (2d Cir. 2006). Chambers cannot demonstrate that he was prejudiced by any purported error in the jury instructions. Even if the jury had been instructed as he preferred, the evidence against him was significant and would have supported his conviction. We do not think "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the … standard … that the government must prove beyond a reasonable doubt every element of a charged offense." *United States v. Birbal*, 62 F.3d 456, 462 (2d Cir. 1995).

Indeed, we do not think the district court's instructions were erroneous at all. When the government charges multiple instances of criminal behavior, Rule 404(b)'s prohibition on the admission of propensity evidence does not preclude the receipt of evidence that directly shows the commission of the multiple charged crimes. While the jury could not rely on Chambers's conduct from one incident to make inferences about his character, it could rely on evidence that was common to proving the multiple charged robberies to make conclusions about Chambers's participation in each one. Some evidence concerning Chambers's participation in

7

one robbery was "inextricably intertwined with the evidence" concerning his participation in the others. *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989). The jury could consider these similarities to "complete the story" of Chambers' participation in each crime. *Id.*

The district court properly sought to mitigate any prejudice arising from the similarities between robberies by correctly instructing the jury not to infer that Chambers was more likely to assist a robbery merely because he was "of bad character or has a propensity to commit crimes." J. App'x 1609. The district court also instructed the jury that it must consider each count of the indictment separately. Moreover, while Chambers could have moved to sever the counts in the indictment before trial, he did not do so.

Chambers's requested instruction—that the court forbid the jury from using pattern evidence—did not correctly state the law. The jury was entitled under Rule 404(b) to consider Chambers's behavior as evidence of "intent, preparation, plan, [or] knowledge." There is no law that forbids the use of patterns of behavior to support findings on those issues.

Chambers further argues that the government did not comply with the requirement of Rule 404(b) that, in certain circumstances, the government must give pretrial notice of its intent to offer "evidence of other crimes" to prove "motive, opportunity, [or] intent" to commit a charged crime. Chambers argues that the district court's supplemental instruction "opened the door" to the jury considering whether pattern evidence could prove motive and intent. He contends that the government was obligated to give notice of its intent to use evidence for that purpose, but it did not do so.

We are not persuaded. While the rule in certain circumstances conditions the *admissibility* of evidence of "other crimes" to prove "motive, opportunity, [or] intent," on the "prosecution['s] … provid[ing] reasonable notice in advance of trial," that notice requirement is not implicated here. Here, the issue was not the admissibility of otherwise inadmissible evidence. The evidence was properly admitted as direct evidence of Chambers's commission of the several charged offenses. Its admission into evidence did not depend on Rule 404(b).

## II

Chambers additionally objects to the district court's denial of his motion for a new trial. He argues that the district court erred in dismissing a juror with a previously undisclosed conflict without also questioning the entire jury about its possible interactions with that juror. We do not agree. After it was revealed that the juror had a possible bias because of previous work with the government, the district court asked that juror whether he had spoken to the other jurors about the case. The juror informed the district court that he had not spoken about the case "with anybody in the jury room or outside the jury room." J. App'x 563. After consulting with counsel for Chambers and the government, the district court concluded that simply dismissing the conflicted juror was sufficient to avoid any possible bias.

The handling of allegations of juror misconduct and bias is entrusted to the sound discretion of the trial court. *United States v. Thai*, 29 F.3d 785, 803 (2d Cir. 1994); *United States v. Farhane*, 634 F.3d 127, 168 (2d Cir. 2011). Here, the district court acted reasonably to ensure the fairness of the trial. It questioned the conflicted juror and was assured that the rest of the jury was not affected. The

10

district court did not abuse its discretion when it determined that the additional measures Chambers suggested were unnecessary.

\* \* \*

We have considered Chambers' remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11