**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5773

WILLIE RAY HAWKINS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
N. Carlton Tilley, Jr., District Judge.
(CR-94-264)

Submitted: September 30, 1996

Decided: October 25, 1996

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Ray Hawkins, Jr., appeals his convictions for possession of crack cocaine with intent to distribute, 21 U.S.C.A.§ 841 (West 1981 & Supp. 1996), and possession of a firearm by a convicted felon, 18 U.S.C.A. § 924(c) (West Supp. 1996), arguing that a forced entry by police into his home to execute a search warrant violated the Fourth Amendment and that evidence seized during the search should have been suppressed. He further contends that the district court erred in finding that testimony concerning his distributions of crack during the month preceding his arrest was not excludable as evidence of other crimes under Fed. R. Evid. 404(b). Hawkins also appeals his 420-month sentence on the grounds that the district court clearly erred in finding that he was a leader in the offense, USSG§ 3B1.1,**1** and erred in applying the penalties for crack offenses. Finding no error, we affirm the convictions and the sentences.

On February 23, 1993, Willie Ray Hawkins' car was stopped for speeding on the New Jersey Turnpike. Riding in the car were Hawkins and his girlfriend, Felicia Gunthrope, as well as Randy Hawkins and Claymore Jones. During a consensual search of the car, 1128 grams of crack and 50.9 grams of marijuana were found inside the rim of a spare tire. All were arrested, and Randy Hawkins subsequently informed the police that Willie Ray Hawkins regularly traveled to New York to obtain crack for distribution and that Claymore Jones was one of his distributors.

This led to an investigation in Hawkins' home town of Salisbury, North Carolina. On September 29, 1993, Claymore Jones was arrested for shooting into Hawkins' house. Interviewed after his arrest, he con-

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

firmed that he and others had been selling crack for Hawkins for two years, but had become disenchanted with Hawkins. On October 5, 1993, Jones was shot in the head and hospitalized for some time.**2**

A search warrant was executed at Hawkins' house at 10:00 a.m. on October 14, 1993. The police officers knew that Hawkins was in the house. They also had information that Hawkins possessed a variety of firearms and had engaged in violence against a former girlfriend and associates in his drug business. They knocked on the door for between seven and thirty seconds and yelled, "Police. Search warrant." Hearing no answer after about seven or eight seconds, they forced open the door. Hawkins and Gunthrope were in a bedroom, where a loaded 9 mm pistol was found on the floor. A small amount of crack and marijuana was recovered from the house, as were a shotgun, a rifle, and an assault rifle, all loaded. The officers also discovered 171.4 grams of crack in a plastic bag hidden in the fork of a tree at the rear of the back yard.

Before his first trial, which ended with a hung jury, Hawkins sought unsuccessfully to suppress the crack and firearms seized from his house. The district court found that the officers had complied with the "knock and announce" rule, 18 U.S.C. § 3109 (1994), and that exigent circumstances were present (danger to the officers and possible destruction of evidence) which would have justified an immediate entry in any case. On appeal, Hawkins argues that the search violated the Fourth Amendment because the officers executing the search warrant failed to comply with the knock and announce rule in that they entered the house forcibly before they were refused entry. He contends that no exigent circumstances were present which would justify dispensing with the requirement.

One element of the reasonableness inquiry governing the lawfulness of searches under the Fourth Amendment is that police officers must knock and announce their presence before entering the premises to be searched. Wilson v. Arkansas, ___ U.S. ___, 115 S. Ct. 1914 (1995). However, the principle permits unannounced entry when there are important countervailing law enforcement interests such as the

_____

**2** Gunthrope testified at Hawkins' sentencing that Hawkins paid someone to shoot Jones to prevent him from giving information to the police.

safety of the officers or prevention of the destruction of evidence. Id. Although Wilson was decided after Hawkins' conviction, the Fourth Circuit previously employed essentially the same reasonableness test. See United States v. Kennedy, 32 F.3d 876, 881-83 (4th Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 939 (1995). Under both Wilson and Kennedy, the presence of exigent circumstances is a factual determination dependent on the circumstances of the particular case. Wilson, 63 U.S.L.W. at 4459; Kennedy, 32 F.3d at 882. In Kennedy, this Court held that entry without waiting for a response to the knock and announcement was reasonable when the police officers had reason to believe drugs would be destroyed if they delayed entry.

Hawkins concedes that the search was reasonable under Kennedy, but argues that Kennedy permits a blanket assumption that any search for narcotics involves exigent circumstances, while Wilson announced a more stringent standard of reasonableness. He maintains that the search of his house was illegal because the officers waited only a few seconds after they knocked and announced their presence and forced open the door before being refused admittance, and because there were no exigent circumstances to justify dispensing with the knock and announce rule. We disagree. Kennedy does not endorse a blanket rule that exigent circumstances may be found in all drug cases. Moreover, in this case, the district court found that exigent circumstances were present. Its finding was supported by evidence in the officers' possession at the time of the search that Hawkins both possessed weapons and had previously used violence. Consequently, his argument is without merit.

Next, Hawkins contends that the district court erred in finding that Jones' testimony about drug transactions during the month before the search was not evidence of prior bad acts. He argues that because he was not charged with conspiracy, all his drug transactions with Jones were "other crimes" and should have been excluded under Rule 404(b).

Evidence of uncharged conduct is not considered "other crimes" evidence if it arises from the same transaction or series of transactions as the charged conduct, is "inextricably intertwined" with the charged conduct, or is necessary to explain the charged conduct. United States v. Towne, 870 F.2d 880, 886 (4th Cir.) (internal quotation marks omit-

4

ted), cert. denied, 490 U.S. 1101 (1989). Hawkins argues that his distributions to Jones in September and early October were not inextricably linked with his possession of the crack found during the search because the crack found during the search may not have been the same crack stash from which he made distributions to Jones. However, Jones' information about his ongoing dealings with Hawkins in September and early October 1993 provided a significant part of the evidence supporting the search warrant. Those dealings were interrupted only by Jones' hospitalization. Consequently, we find that the district court did not err in finding that Jones' testimony did not involve other crimes or in refusing to give a limiting instruction.

Hawkins maintains both that the district court failed to make adequate findings to support its determination that he was a leader, and that the court's finding is unsupported by the evidence. We disagree. The probation officer recommended the adjustment because there was information from co-conspirators that Hawkins directed his own drug operation by personally obtaining crack in New York, bringing it to North Carolina, and distributing it to others for sale, and that more than five people were involved. Participants named in the presentence report included Hawkins, Randy Hawkins, Claymore Jones, Henry Lewis Hall, James K. Miller, and Derrick Pruitt. Hawkins offered no evidence at the sentencing hearing to show that this information was inaccurate or unreliable, as was his burden. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). The court's ruling was properly based on the information in the presentence report and was not clearly erroneous.

Last, Hawkins argues that the statutory and guideline penalties for crack offenses are ambiguous because crack and powder cocaine are the same substance and require application of the rule of lenity. He recognizes that this court considered and rejected the same argument in United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 116 S. Ct. 329 (1995), but asks the court to reconsider Fisher. However, a panel cannot overrule the decision of a prior panel in this circuit. Brubaker v. City of Richmond , 943 F.2d 1363, 1381-82 (4th Cir. 1991).

Accordingly, we affirm the convictions and the sentences. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6