**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5920

MICHAEL SCEARCY, a/k/a Michael
Searcy,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-298-P)

Submitted: February 28, 1997

Decided: March 18, 1997

Before HALL, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Kenneth D. Bell, First Assistant
United States Attorney, B. Frederic Williams, Jr., Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Scearcy appeals from his jury conviction for conspiring to possess with the intent to distribute cocaine, heroin, and cocaine base, in violation of 21 U.S.C. § 846, and possessing with the intent to distribute cocaine, heroin, and cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 300 months incarceration and five years of supervised release.

Scearcy met Norman Williams in late 1991; they subsequently started a partnership in the drug business. They conducted their drug business primarily from an apartment leased in Williams' name. They had several suppliers, including Kamal Osman. On June 5, 1992, Kamal provided Scearcy and Williams a car for use in their drug business. While driving the car on that day, Scearcy led the police on a car chase during which he threw drugs out of the window of the car. The police subsequently arrested him and drugs were recovered from the car and from where Scearcy had thrown drugs during the chase. Williams bonded Scearcy out of jail. Scearcy and Williams were subsequently arrested on June 8, 1992. A search of their apartment produced drugs, including cocaine, heroin, and cocaine base, and other items usually related to a drug business.

Scearcy and Williams were charged in the same indictment which stated in pertinent part that "[o]n or about June 8, 1992" Williams and Scearcy conspired and agreed with one another to possess with intent to distribute cocaine, heroin, and cocaine base. On appeal, Scearcy claims that the district court erred by: (1) admitting evidence of conduct that occurred prior to the date of the charged conspiracy; (2) instructing the jury that they could consider conduct that occurred prior to the date of the charged conspiracy; (3) determining the amount of drugs attributable to him based on Williams' testimony; and (4) enhancing his sentence by two points for reckless endangerment.

2

Specifically regarding his first claim, Scearcy complains that the court allowed Osman to testify that he fronted drugs to Scearcy and Williams on numerous occasions prior to June 8. Scearcy also challenges the admissibility of the June 5 police car chase and subsequent search of the automobile. Scearcy claims that this evidence constituted evidence of "other crimes, wrongs, or acts" within the meaning of Fed. R. Evid. 404(b).

All evidence falling outside the charged conspiracy period, however, does not necessarily involve a separate, unrelated offense subject to the strictures of Rule 404(b). See United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994). "[E]vidence of uncharged conduct is not considered `other crimes' evidence if it`arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial.'" Id. (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989)).

Here, the challenged evidence constituted predicate evidence necessary to provide context to the Scearcy-Williams drug partnership that took place within the charged time frame. Id. at 885-86. Osman's testimony showed that he fronted drugs to Scearcy and Williams together on numerous occasions, and thus, the drugs found in the apartment on June 8 belonged to both Scearcy and Williams. Similarly, evidence of the car chase and subsequent search of the automobile proved the existence of a drug partnership between Scearcy and Williams prior to and on June 8. By providing the jury with background information about Scearcy's activities during the preparatory stages of the conspiracy, the evidence served to complete the story of the crime on trial. Id. at 856. Therefore, the district court did not abuse its discretion in admitting the challenged evidence.

Next, Scearcy challenges the court's instruction that if a defendant "joins an unlawful scheme on one occasion, that is sufficient to convict him in a conspiracy even though he had not participated in an early or later stages in the scheme. . . ." Scearcy alleges that this instruction allowed the jury to consider evidence of conduct that occurred prior to the time of the charged conspiracy. However, the court also instructed the jury that Scearcy was not on trial for any act or conduct or offense not alleged in the indictment. Further, as discussed above, it was proper for the jury to consider conduct that

3

occurred outside the charged conspiracy. Id. at 885-86. Thus, the instruction taken as a whole was proper. See United States v. Heater, 63 F.3d 311, 326 (4th Cir. 1995), cert. denied , 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7090).

Scearcy also claims that the court's determination of the amount of drugs attributable to him and his base offense level under USSG § 2D1.1* was not supported by a preponderance of the evidence. The court found that Scearcy was responsible for ten kilograms of cocaine, four ounces of heroin, and 7.4 grams of cocaine base. The court's determination was based on Williams' testimony that he and Scearcy moved between ten and twelve kilograms of cocaine and four ounces of heroin during their partnership. Also, the Government seized 7.4 grams of cocaine base on June 8 from the apartment shared by Scearcy and Williams. Although Scearcy disputes the veracity of Williams' testimony because he testified pursuant to his plea agreement, this court does not review a trier of fact's assessment of credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We hold that the court's determination of Scearcy's base offense level was not clearly erroneous. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir.), cert. denied, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447).

Lastly, Scearcy claims the district court erred by enhancing his offense level by two points pursuant to USSG § 3C1.2 for reckless endangerment during flight from law enforcement. The enhancement was based on the June 5 police car chase. Scearcy contends that there was no nexus between the crime of conviction and the reckless endangerment because the car chase occurred three days before the charged conduct. However, the enhancement under USSG § 3C1.2 is applicable where the act occurred during the preparation for the offense of conviction or in the course of attempting to avoid detection or responsibility for that offense. USSG § 1B1.3(a)(1). The evidence showed that on June 5 Scearcy was driving in a drug infested area with drugs in his automobile. He was clearly attempting to flee from law enforcement so that he could continue his drug conspiracy, which culminated on June 8. We hold that the police chase was relevant conduct in

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

4

applying the USSG § 3C1.2 reckless endangerment enhancement. USSG § 1B1.3(a)(1).

Accordingly, we affirm Scearcy's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5