**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mustafa HALAK, Defendant–Appellant.**

**Docket No. 02–1014.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2003.

Robert L. Moore, Hempstead, NY, for Appellant.

Eric R. Komitee, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, and Susan Corkery, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: MCLAUGHLIN, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

Defendant Mustafa Halak appeals from a judgment of conviction entered on December 19, 2001, convicting him of two counts of attempting to export stolen vehicles, in violation of 18 U.S.C. § 553(a)(1), and one count of interstate transportation of a third stolen vehicle, in violation of 18 U.S.C. § 2312, and sentencing him to 41 months' imprisonment on each count to be served concurrently.

At trial, the District Court allowed the Government to present evidence relating to stolen vehicles other than the three charged in the indictment. The evidence–presented primarily through testimony of an undercover officer of the New York Police Department, a videotape, and audio-tapes–showed the defendant driving a stolen car and another car constructed from stolen parts, and discussing his intention to construct vehicles from parts of other stolen cars, all during the same time period as the acts alleged in the indictment. When the evidence was introduced, and again in the charge to the jury, the District Court instructed the jury that if it credited the evidence of the non-charged vehicles, it could not conclude simply from that evidence that the defendant was guilty of the offenses charged in the indictment. The Court noted that the evidence could be used "[a]s a basis for understanding the relationship between [the defendant] and other individuals with whom he dealt or as evidence of [the defendant's] state of mind, his intentions and his knowledge of whether or not the charged cars were stolen [–the sole issue at trial]."

On appeal, Halak contends that the Government's evidence of the non-charged stolen vehicles was evidence of "other crimes, wrongs, or acts" and that it was inadmissible under Federal Rule of Evidence 404(b) because it was used to prove the defendant's propensity to commit the charged

crimes. Accordingly, the defendant argues that the District Court, notwithstanding its limiting instruction to the jury, erred in granting admission of the challenged evidence.

We review a district court's decision to admit evidence for a "clear abuse of discretion." *United States v. White*, 240 F.3d 127, 138 (2d Cir.2001). Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity," but such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

In *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.1989), we articulated the standard for determining whether evidence is subject to consideration under Rule 404(b) at all. Specifically, we noted that evidence of other criminal activity is admissible without reference to Rule 404(b) if the evidence:

> (1) "arose out of the same transaction or series of transactions as the charged offense";
> (2) "[is] inextricably intertwined with the evidence regarding the charged offense"; or
> (3) "is necessary to complete the story of the crime [on] trial."

*Id.* at 886.

In this case, the Government's evidence of the non-charged stolen vehicles satisfies the test set forth in *Towne* and therefore was admissible without reference to Rule 404(b). Moreover, even if the evidence, or some part of it, was "other crimes" evidence subject to consideration under Rule 404(b), it was admissible nonetheless to show Halak's knowledge that the charged cars were stolen, the sole disputed issue at trial. *See United States v. Bok*, 156 F.3d 157, 165 (2d Cir.1998) (holding that prior act evidence "can be admitted 'for any

purpose except to show criminal propensity,' unless the trial judge concludes that its probative value is substantially outweighed by its potential for unfair prejudice") (citations omitted). And any concern that the evidence could be prejudicial to the defendant was sufficiently eased by the District Court's limiting instruction, given when the challenged evidence was introduced and again in the charge to the jury.

Accordingly, the District Court did not err (*i.e.*, "abuse its discretion"), much less "clear[ly] abuse [its] discretion," in admitting the evidence of stolen vehicles other than the ones charged in the indictment, and the defendant's conviction is hereby AFFIRMED.