**UNITED STATES of America,**
**Appellee,**

v.

**Ernesto MARTINEZ, also known as "Ene", Damon Rodriguez, also known as "Gem", also known as "Justin", Haydee Huertas, LNU1–98CR0438–006, also known as "Rafaelito", Freddy Santiago, Odiot Demetrius, also known as "J. Boogie", Jose Colon, also known as "Mike", Manuel Gonzalez, also known as "Manny", Julio Castillo, also known as "Tito", LNU2–98CR0438–014, also known as John Doe # 2, Defendants,**

**Shirley CALCANO, Luis Ramirez, Juan Ramirez, also known as "Tony TKO," also known as "Scarface", Defendants–Appellants.**

No. 02–1080, 02–1084, 02–1247.

United States Court of Appeals, Second Circuit.

Dec. 17, 2003.

court as it moves forward expeditiously in resolving the amount of restrained funds owned by Pertamina.

Charles Lavine, New York, NY, for defendant-appellant Juan Ramirez.

David Gordon, New York, NY, for defendant-appellant Shirley Calcano.

Robert A. Soloway, Rothman, Schneider, Soloway & Stern, LLP, New York, NY, for defendant-appellant Luis Ramirez.

Daniel M. Gitner, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York (James B. Comey, United States Attorney, Laura Grossfield Birger and Gary Stein, Assistant United States Attorneys, Joshua G. Berman, Special Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present: VAN GRAAFEILAND, SACK, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of district court be, and it hereby is, AFFIRMED.

Defendants-appellants appeal from various convictions. Shirley Calcano was convicted of one count under 18 U.S.C. § 1959(a)(3) (violent crime in aid of racketeering) and a second count under 18 U.S.C. § 1959(a)(3) (narcotics conspiracy). Luis Ramirez and Juan Ramirez were both convicted under 18 U.S.C. § 1961 (racketeering), 18 U.S.C. § 1962(d) (racketeering conspiracy), 18 U.S.C. § 1959(a)(1) (kidnaping in aid of racketeering), 18 U.S.C. § 1959(a)(1) (murder in aid of racketeering), 18 U.S.C. § 1951 (conspiracy to rob), 18 U.S.C. §§ 1951 & 2 (robbery), and 21 U.S.C. § 846 (narcotics conspiracy). In addition, Juan Ramirez was convicted of counts under 18 U.S.C. § 1959(a)(3) (assault), 18 U.S.C. §§ 1952 & 2 (interstate travel in aid of racketeering), 18 U.S.C. §§ 1951 & 2 (conspiracy to rob and robbery), 18 U.S.C. §§ 1201 and 2 (kidnaping), 18 U.S.C. §§ 2314 & 2 (interstate transportation of stolen goods), 18 U.S.C. § 924(c) & 2 (use of a firearm), and 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm).

*Severance*

At trial, both Calcano and Luis Ramirez made motions to sever their cases. The district court denied both motions. These denials amounted to neither an "abuse of discretion" nor a "miscarriage of justice." *United States v. Rosa,* 11 F.3d 315, 341 (2d

---

* Of the United States Court of Appeals for the     Eighth Circuit, sitting by designation.

Cir.1993); *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir.1988).

#### "Other Acts" Evidence

■ Calcano challenges three of the district court's decisions to admit testimony relating to "other acts" not directly at issue in this case: (1) her post-arrest statement to police that "[s]he has changed since doing all that" followed by "she's been living in Reading for seven years"; (2) her 1991 crack sales to Angelica Gonzalez's mother; and (3) her possession and firing of a gun during a squabble with Melissa Nieves. The district court did not exceed its discretion in admitting any of this evidence, *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir.2000), particularly in light of the broad range of evidence that is admissible in the conspiracy and racketeering context, *United States v. Miller*, 116 F.3d 641, 682 (2d Cir.1997).

■ Calcano's post-arrest statement was subject to multiple interpretations, and the competing interpretations were properly before the jury for its evaluation. As for Calcano's purported 1991 crack sales, we are not persuaded on the record before us that the district court's statement that, "[A]s I understand the law, I have to let it in," demonstrated that the court was unaware of its discretion to conduct a balancing of factors referred to in Rule 403 before admitting the evidence. Rather, we agree with the government that in context, the statement reflects the court's conclusion after exercising that discretion. *Cf. United States v. Figueroa*, 618 F.2d 934, 942–43 (2d Cir.1980). Finally, the district court's admission of evidence relating to Calcano's possession of a small-caliber firearm was not an abuse of its discretion.

#### Exclusion of Evidence

Calcano further argues that the district court abused its discretion by excluding evidence she sought to have admitted. None of these exclusions amounted to an abuse of discretion. First, it was not clear from the question to Angelica Gonzalez about the identity of her "supplier" that the question was intended to establish a link between Gonzalez and the conspiracy. Had a direct question been asked—for instance, whether her supplier was a member of the organization—we doubt that the district court would have ruled it irrelevant. Second, any error arising from the exclusion of Juan Ramirez's statement contained in Investigator Schade's police report of June 27, 1995 was mitigated by Juan Ramirez's decision to testify in his own defense. Finally, the exclusion of Officer Graul's June 27, 1995, report summarizing Rache Williams's statement was not an abuse of discretion inasmuch as Officer Graul was present to testify. *See United States v. Amuso*, 21 F.3d 1251, 1262 (2d Cir.1994).

#### Prosecutorial Misconduct

Calcano alleges two instances of prosecutorial misconduct. They do not require reversal. Calcano has not come forward with evidence sufficient to establish that Rache Williams perjured herself and that the government used her testimony knowing of such perjury. We note further that Calcano did not make a timely motion for a new trial on grounds that a government witness committed perjury. Fed. R.Crim.P. 33(b)(2); *United States v. McCarthy*, 271 F.3d 387, 399 (2d Cir.2001). We also agree with the district court that the prosecution's summation did not render the trial unfair or cause substantial prejudice to Calcano. The flaws in the summation therefore did not violate Calcano's due process rights. *See United States v. Forlorma*, 94 F.3d 91, 94 (2d Cir.1996).

Luis Ramirez alleges several instances of prosecutorial misconduct, most of which

he did not object to at trial. Even had timely objections been made, however, we conclude that "the statements, viewed against the entire argument before the jury, [did not] deprive[ ] the defendant of a fair trial." *United States v. Pena,* 793 F.2d 486, 490 (2d Cir.1986) (internal quotation marks omitted). *A fortiori,* their admission did not constitute "plain error." *See United States v. Rivera,* 22 F.3d 430, 437 (2d Cir.1994).

*Challenge to a Juror for Cause*

Juan Ramirez argues that the district court violated his Sixth Amendment right to an impartial jury when it rejected a challenge for cause to a juror. This argument is without merit. *See United States v. Towne,* 870 F.2d 880, 885 (2d Cir.1989) and *United States v. Murray,* 618 F.2d 892, 899 (2d Cir.1980); *cf. United States v. Nelson,* 277 F.3d 164, 201 (2d Cir.2002).

*Admission of Purportedly Prejudicial Evidence*

Juan Ramirez challenges the district court's admission of testimony relating to (1) the slashing of a man's neck at a club, (2) an incident at the beach where he pulled his girlfriend's hair and "whack[ed]" her with a cast, and (3) another incident at the club involving the slashing of a dancer's face. The district court did not abuse its discretion in ruling this evidence admissible. We note, moreover, that (a) no objection to the testimony regarding the slashing of the dancer was taken; (b) the testimony about the events at the club were either not hearsay, under Fed. R.Evid. 801(d)(2)(E), or were admissible as "statements against interest" under Fed. R.Evid. 804(b)(3), inasmuch as Juan Ramirez—who had not yet decided to take the stand—was "not available" at the time the government's witnesses testified about events at the club; and (c) the district court could have admitted the testimony with respect to the hair-pulling incident to establish the relationship between the co-conspirators, and Juan Ramirez's role among organization members.

*Self–Representation*

Towards the end of the trial, Juan Ramirez made a request to represent himself *pro se.* Requests to proceed *pro se* that are made after trial has begun are left entirely to a district court's discretion. *United States v. Walker,* 142 F.3d 103, 108 (2d Cir.1998). The district court did not abuse that discretion here.

*Instruction on Accomplice Testimony*

■ In its charge to the jury, the district court explained reasons for scrutinizing accomplice testimony especially carefully, but then said that if these special considerations did not apply, there was "no reason" not to credit the accomplice testimony. When viewed in light of the charge as a whole, particularly the general instruction to the effect that the jury was the sole judge of all witness credibility, the challenged instruction was not unduly prejudicial. *See Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *United States v. Bok,* 156 F.3d 157, 160 (2d Cir.1998); *United States v. Carr,* 880 F.2d 1550, 1555 (2d Cir.1989).

*Hobbs Act Instruction*

■ Luis Ramirez, *pro se,* argues that contraband is not "property" for purposes of Hobbs Act robbery, 18 U.S.C. §§ 1951 & 2, and that in any event, the question of whether contraband constituted property was one for the jury. Robbery of contraband may, however, support a Hobbs Act conviction. *See United States v. Jamison,* 299 F.3d 114 (2d Cir.2002). This is consistent with the general common law principle that contraband may be the subject of robbery. 77 C.J.S. Robbery § 6. In any event, it does not appear that a timely objection was made on these grounds. *See* Fed.R.Crim.P. 30(d).

*Guilt–Assuming Hypothetical Questions*

Assuming that the questions complained of were in fact "guilt-assuming," the defense's specific questions to character witness Louis Schlanger relating to the charged crimes "opened the door" to such questions by the government. *United States v. Russo*, 110 F.3d 948, 953 (2d Cir.1997). They are therefore not grounds for reversal.

*Vouching*

The government's conduct complained of as improper "vouching" for witnesses by the government was permissible. The testimony constituted "fair response" to testimony elicited by the defendants. *See United States v. Robinson*, 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988); *United States v. Rivera*, 22 F.3d 430, 438 (2d Cir.1994).

*Ineffective Assistance of Counsel*

Luis Ramirez raises an ineffective assistance of counsel claim. Without reaching the merits, we decline to entertain the argument here in light of our preference that such claims be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, an avenue still available to Luis Ramirez. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000).

*Cumulative Error*

Having carefully reviewed the record, we conclude, finally, that cumulative error warranting reversal has not been established by any of the appellants.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.