**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5125**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDERICK I. HOWARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-04-9)

———————

Submitted: May 31, 2005          Decided: September 15, 2005

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Heather A. Wood, FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON, Weirton, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On September 13, 2004, a jury convicted Frederick Howard of conspiracy to distribute less than five kilograms but more than five hundred grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (2000). The district court sentenced Howard to 121 months' imprisonment. Howard challenges his conviction and subsequent sentence. We affirm.

Howard came to the attention of police after they initiated an investigation into the activities of co-defendant Paul Norman. Norman distributed cocaine out of two bars in which he had a business interest. Co-conspirators Jason Thorn, Corey Doran, and Thomas Leach handled cocaine sales. Norman's chief source of supply was Don McFarland.

Thorn started buying cocaine from Howard in late 2003. Thorn and Norman both testified that Thorn told Norman he could get better quality cocaine from Howard. Norman tried Howard's cocaine and continued to purchase it until they were arrested in April 2004. Norman estimated he received seventy to eighty ounces of cocaine from Howard. This ongoing arrangement was confirmed by police wiretaps.

During that time, on November 7, 2003, Howard was a passenger in a vehicle that was stopped by police for having a broken license plate light. During the stop, Howard tried to exit the vehicle twice. The driver was unable to provide a license,

- 2 -

proof of insurance or registration. The police learned that the driver's license had been suspended. The police then intended to arrest the driver and requested all the passengers exit the vehicle. When Howard exited the vehicle, officers saw a plastic baggie containing white residue hanging from Howard's pocket. Howard underwent a "pat down" search that revealed a wad of money large enough to conceal a weapon. The wad of money concealed a second baggie of white powder, which later analysis confirmed to be cocaine.

On March 20, 2004, Howard called Holly Ruble, who then called Thorn, in order to warn Norman that Howard had spotted a van following Norman. Howard then called Norman directly. Police were in fact following Norman. Norman had arranged to purchase cocaine and eventually completed the transaction.

Other witnesses testified they purchased cocaine from Howard. Robert Becker testified he purchased $600-$800 worth of cocaine per month for a year to a year and a half. Also, Leach testified that through Thorn, he purchased five ounces of cocaine on four or five occasions after an initial purchase of three ounces. Leach's testimony was corroborated by Thorn.

Howard challenges his conviction and sentence on several grounds. First, he contends that the district court abused its discretion by denying his motion for a continuance. Howard submitted the motion the day after his attorney received a thousand

pages of discovery on August 5, 2004.[1]  Howard's attorney asserted in the motion that she did not have enough time to review the August 5 documents and surveillance video before the September 7, 2004 trial date.[2]

We review the denial of a motion for a continuance to discover whether the district court abused its broad discretion and prejudiced the movant.  United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991).  A district court abuses its discretion in denying a continuance only if the denial was "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'"  Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).  The test for deciding whether the court abused its discretion is not mechanical; it depends on the reasons presented to the court at the time the request is made.  United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990).  We conclude the district court did not abuse its discretion in denying the motion for a continuance because Howard's counsel had ample time to prepare for trial, and Howard has not demonstrated prejudice.

---

[1]The Government asserted at trial and in its brief that Howard received 627 pages on August 5, 2004.

[2]At trial, Howard primarily argued that the case should be continued until the Supreme Court issued an opinion in United States v. Booker, 125 S. Ct. 738 (2005).  Howard has abandoned that argument on appeal.

Second, Howard asserts that the cocaine found in his pocket by police during the November 7, 2003 traffic stop was the fruit of an improper search and seizure. This court reviews a district court's factual findings on a suppression motion for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 125 S. Ct. 867 (2005).

Probable cause that a routine automobile violation has occurred justifies a routine traffic stop. Whren v. United States, 517 U.S. 806 (1996). An officer making a lawful traffic stop may require passengers to step out of the vehicle. Maryland v. Wilson, 519 U.S. 408, 415 (1997). Once they have done so, the police may conduct a limited, protective search for weapons provided they have an articulable suspicion to believe the detained individual is armed. Terry v. Ohio, 392 U.S. 1, 30 (1968).

Here, the uncontradicted evidence shows the police had probable cause to stop the automobile because it had a defective license plate light and, therefore, it was permissible for the police to order Howard out of the vehicle. Given Howard's two earlier attempts to exit the vehicle and the baggie containing drug residue protruding from his pocket in plain view, the police had

the articulable suspicion necessary to conduct the pat down search. See United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998) ("[W]e hold that in connection with a lawful traffic stop of an automobile, when the officer has a reasonable suspicion that illegal drugs are in the vehicle, the officer may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others." Therefore, we conclude that the district did not err in denying Howard's motion to suppress.

Third, Howard also argues that the evidence discovered during the November 7, 2003 traffic stop was improperly admitted under Fed. R. Evid. 404(b). However, evidence of other crimes or uncharged conduct is not excluded by Fed. R. Evid. 404(b) if the conduct "arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on trial]." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (4th Cir. 1989)). We conclude possession of cocaine is direct evidence of Howard's participation in a conspiracy to distribute cocaine, and the district court did not err by admitting the evidence.

Fourth, Howard asserts that the evidence was insufficient to convict him of conspiracy to distribute cocaine despite the

testimony of multiple co-defendants and the recordings of Howard's telephone conversations with them. When a motion for judgment of acquittal is based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court does not review the credibility of witnesses, and we must assume that the jury resolved all evidentiary contradictions in the Government's favor. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Thus a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We conclude from the materials before us on appeal that the evidence was sufficient to support the jury conviction.

Fifth, Howard argues he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme that provided for sentence enhancements

based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising two statutory provisions, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Because Howard objected in the district court pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), to the judge's cocaine quantity calculations, we review Howard's Booker claim for harmless error. Under this standard, we may disregard an error made at sentencing if we are certain that any such error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

The district court found the quantity of cocaine attributable to Howard by a preponderance of the evidence and imposed a sentence under the mandatory guidelines regime that exceeded the sentence Howard would have received without the judicial factfinding, in violation of Booker.[3] However, following our direction in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004), the district court announced "a sentence pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), treating the

---

[3]Just as we noted in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Howard's sentencing. 401 F.3d at 545 n.4.

guidelines as advisory only." The alternative sentence announced by the district court pursuant to Hammoud was identical to the sentence imposed. Therefore, the Booker error was harmless.

Howard also argues that in light of Booker, his acquitted conduct, distribution of ten ounces of cocaine on March 8, 2004, cannot be used in sentencing. However, even if the ten ounces were not attributed to Howard, his offense level would not change because his relevant conduct would still exceed 3.5 kilograms. See USSG § 2D1.1. Therefore, any possible error in this respect was harmless.

Lastly, Howard argues that even if he is not entitled to relief under Booker, he is entitled to resentencing because the evidence does not support the district court's determination of drug quantity and his role in the offense. We review the district court's factual findings regarding drug quantity for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). Under the guidelines, drug quantities not specified in the counts of conviction are considered relevant conduct when they are part of the same course of conduct or common scheme or plan. U.S. Sentencing Guidelines § 1B1.3(a)(2). "Same course of conduct" and "common scheme or plan" are defined in Application Note 9 to § 1B1.3. Under Application Note 9(B), an offense may be part of the same course of conduct as the offense of conviction if it is part of "an ongoing series of offenses." Factors to be considered

in making this determination are "the degree of similarity of the offenses and the time interval between the offenses." Id. After reviewing the record, we conclude the district court did not clearly err in calculating the quantity of cocaine attributable to Howard.

We also review "a district court determination regarding the defendant's role in the offense" for clear error. United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991). Howard argues that he should have received a sentence reduction for being a "minor" or "minimal" participant, as defined by USSG § 3B1.2. Again after review of the records, we conclude that the district court did not clearly err in its assessment of Howard's role in distributing a large amount of cocaine to various people for further distribution.

Accordingly, we deny Howard's motions to file a supplemental brief, substitute counsel, and inspect the grand jury hearing transcript. We affirm Howard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED